ESERU of Fatumafuti and SAGAIGA of Pago Pago, Plaintiffs

v.

IULIO of Pago Pago, Defendant

No. 2-1928

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Siufaga" in Pago Pago]

Date unknown

---

HARRY P. WOOD, *American Judge;* PELE, and LUTU, *Associate Judges*

DECISION█

This action is brought by Eseru of Fatumafuti and Sagaiga of Pago Pago as joint Plaintiffs against Iulio of Pago Pago, in the endeavor to establish their authority over the land Siufaga in Pago Pago. It is their contention that Iulio is, and has been exercising the authority over the land Siufaga in derogation of their right.

Shortly before the beginning of this action, a like proceeding was brought by Eseru as sole plaintiff, but in the course of his testimony it developed that he claimed to share this authority with Sagaiga and for this reason the first case was dismissed without prejudice to the bringing of this second action.

The land Siufaga is located at the Pago Pago end of the Bay and has been the subject of several suits at law. In one of these suits Mauga Taafasau was plaintiff and the defendants were Tali, Vaivao, Talali and Leauma. The land Siufaga was stated to be the piece or parcel bounded on the east by the land of Fanene and on the west by Gaga-

moe. Mauga Taafasau claimed the authority over this land as Mauga family land and the Court held "That the section of land known as Mulifanua is the absolute property of Vaivao of Leloaloa. That the Sections claimed by Tali and Fanene Vaamoolo are held by them separately as determinable fees upon condition of service to Mauga as members of Tei and Ananalo, and all reversions are vested in the plaintiff Mauga and his successors." "All other, the remainder of said land in dispute is the absolute property of the plaintiff (Mauga)."

In the survey plan of the land "Siufaga" in that action there was included a smaller portion of land also called "Siufaga" and on this smaller portion is drawn in Mauga's house and a house of Sagaiga. This action was followed by injunction proceedings by Mauga against Sagaiga relating to the land of Tali, which was held by Tali as a determinable fee on condition of service to Mauga, and the Court enjoined Sagaiga from "interfering" in any way with the quiet possession of Tali.

Eseru claims the authority over Siufaga as being the eldest son of Mauga Taufaasau—Sagaiga claims authority as being the holder of the matai name Sagaiga, which name he contends has an equal authority with Mauga over the land Siufaga. (It is agreed by all the parties to this action that the land in dispute is the small piece located between the land held by Tali and the land Faatautuli.)

Eseru admits that the name "Eseru" signifies nothing in the way of authority—his sole claim is by reason of his relation to Mauga Taufasau. Eseru also claimed the authority over the land Fatumafuti, but it is conclusively shown by the High Court case of Sagaiga and Tufaina against Mauga Moimoi and Mauga Taufasau that neither Sagaiga or Eseru had the authority over the land but that the sole authority was in the name Mauga.

Much testimony was given by the plaintiffs and the defendants but no real evidence was produced to aid the Court in its decision. Tinae, who claims to be a member of the Sagaiga family testified for the plaintiffs and Mauga Moimoi testified for the defendants.

It is significant that Sagaiga was not a party plaintiff with Mauga Taufausau in the action against Tali, Vaivao, Fanene et al. as he most certainly should have been if his authority over the land Siufaga was co-extensive with that of Mauga as claimed by him. It is also significant that an injunction was granted by the Court against Sagaiga in relation to the land Siufaga at the request of Mauga. These instances seem to point conclusively to the fact of Maugas' sole proprietorship over the larger plot Siufaga which includes the smaller.

It was shown that the defendant Iulio is a grandson of Mauga Taufasau through the male line—his father being the younger but favorite son of Mauga Taufasau. Iulio is not a Matai, but exercises his authority by the consent of Mauga Moimoi who claims the sole authority to the land Siufaga (large and small portions) by reason of holding the name Mauga.

The Court must be guided by the former decisions of the High Court, and from these it appears:

1. That the authority of the land Siufaga, both the small and larger portions are in the name Mauga.

2. That Sagaiga has the right to have a house on the land held by Tali as a determinable fee and also the right to a house on the smaller parcel Siufaga.

3. That Eseru has no authority over the land Siufaga, large or small parcel.

4. That the name Mauga has the authority over the land Siufaga (large) subject only to the determinable fees of Tali and Fanene Faamoolo, and exclusive authority over Siufaga (small).

5. That the Mauga having this authority over Siufaga (small) may delegate his authority to whom he will—and having delegated it to Iulio, Iulio may exercise this authority till it is revoked by Mauga.

Judgment for defendant accordingly. Court costs in this action to be paid by the plaintiffs Eseru and Sagaiga.

This case having come on for trial in the High Court on the 20th day of January 1928, having been advanced on the calendar by the Court for the purpose of settling an acrimonious dispute between Sagaiga and Iulio as to the pule of certain lands in Pago Pago called Siufaga and,

A decision having been rendered in that case giving the authority to the land Siufaga, both small and large portions, to Mauga and it subsequently appearing by a statement made in the office of the Secretary of Native Affairs and American Judge by Mauga that the land at the time of the trial of this case occupied by Iulio was not a part of the land Siufaga but was a piece of land called Fafinelesola and therefore that the decision in this case did not settle as it purported to do, the right of pule to the land as between Sagaiga and Iulio and,

By a decision by the District Court of American Samoa rendered on 6 October 1927 in an action wherein Iulio was Plaintiff and Sagaiga was Defendant, brought by the Plaintiff against the Defendant for trespass upon the former's land, a judgment was rendered in favor of the Plaintiff Iulio against the Defendant Sagaiga in the sum of $125.00 damages.

NOW THEREFORE, in order that the question attempted to be settled by the High Court by its decision of January 1928 may be later determined by the High Court.

IT IS ORDERED, ADJUDGED AND DECREED that the decision of the High Court in the case of Eseru and Sagaiga Plaintiffs against Iulio defendant be and hereby is in all respects annulled and that the decision of the

District Court in the case of Iulio against Sagaiga be reinstated as rendered.

Pending the decision of any case which may be brought by Sagaiga, Eseru, Mauga or Iulio regarding the right of ownership or pule of the land now occupied by Iulio, Sagaiga or any other person attempting to build a house upon said land or in any way to commit waste thereon by cutting trees, destroying plantations or planting them is enjoined by this Court.

SO ORDERED.